UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| STANLEY KIDIAVAYI, | ) | |
| Plaintiff, | ) | 2:16-cv-01202-KJD-NJK |
| vs. | ) | (Docket Nos. 32, 33) |
| UNIVERSITY OF NEVADA, et al., | ) | |
| Defendants. | ) | |

    Pending before Court is Plaintiff's motion for reconsideration of the Court's December 5, 2016, order granting Defendants' motion for protective order. Docket No. 33. Also pending before the Court is Defendants' motion to strike Plaintiff's opposition to the motion for protective order as untimely. Docket No. 32.

**I.    PROCEDURAL HISTORY**

    On November 15, 2016, Defendants filed a motion for protective order on an emergency basis. Docket No. 28. The Court declined to resolve the motion on an expedited basis and ordered the parties to brief the motion according to the default time as set forth in LR 7-2(b). Docket No. 29. Plaintiff's response to Defendants' motion for protective order was therefore due on December 2, 2016. *See* LR IC 3-1(a); LR 7-2(b); Fed. R. Civ. P. 6(d) (previous version). On December 5, 2016, when Plaintiff had failed to meet the deadline, the Court granted Defendants' motion as unopposed. Docket No. 30. One business day after it was due, Plaintiff filed a response to Defendants' motion. Docket No. 31.

## II. ANALYSIS

Plaintiff asks the Court to consider his untimely opposition to Defendant's motion for protective order and reconsider its order granting Defendants' motion for protective order as unopposed. Docket No. 33 ("Plaintiff asks this Court to prevent 'manifest injustice' which will result if Plaintiff is not allowed to be heard on this issue"). The Court therefore construes Plaintiff's motion, Docket No. 33, as a motion for leave to file an untimely opposition brief.

To determine whether to allow the untimely filing of the opposition, the Court looks to whether excusable neglect has been established in failing to comply with the already-established deadline. In doing so, the Court considers: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).

Plaintiff submits that his untimely filing was the result of his counsel's calendaring error. Docket No. 33 at 1-2. The Court finds that the balancing of the equitable factors tilts in favor of permitting the filing of Plaintiff's response. The Court vacates its order granting Defendants' motion to allow Defendants to file a reply to Plaintiff's response so that the Court can fully consider Defendants' motion.

## III. CONCLUSION

Accordingly, Plaintiff's motion for reconsideration, Docket No. 33, is hereby **GRANTED**. Defendant's motion to strike, Docket No. 32, is hereby **DENIED**. The Court's order at Docket No. 30 is **VACATED**. Defendants may reply to Plaintiff's response no later than February 7, 2017.

IT IS SO ORDERED.

Dated: January 31, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge