# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STANLEY KIDIAVAYI,

    Plaintiff,

v.

UNIVERSITY OF NEVADA, *et al*.,

    Defendants.

Case No. 2:16-CV-01202-KJD-NJK

**ORDER**

    Presently before the Court is Defendants' Motion to Dismiss (#6). Plaintiff filed a response in opposition and countermotion to amend the complaint (#8) to which Defendants replied (#11). Plaintiff filed an additional Motion to Amend the Complaint (#13). Defendants filed a response in opposition (#17) to which Plaintiff replied (#21). Plaintiff then filed an improperly titled Errata to Motion for Leave to Amend Complaint (#22). In the Errata, Plaintiff essentially concedes that he has improperly named certain defendants, who either may not be sued or against whom the statute of limitations would have run. The Court accepts the proposed amended complaint contained in the Errata as the operative complaint for the purposes of the motion to dismiss and motion to amend.

I. Background

    According to the allegations of the complaint, Plaintiff was a student at the Graduate School of Nursing at the University of Nevada Las Vegas ("UNLV"). The proposed amended complaint

alleges Plaintiff is a black male working in a "female-dominated" profession. Plaintiff's alleged nation of origin is Kenya. Defendant Bruce Leonard, a doctor, was Plaintiff's professor for a clinical rotation in a course identified as Nursing 759, Primary Care of the Family II.  Plaintiff alleges that between September 1, 2012 and September 11, 2014, he was discriminated against due to his race, national origin and gender. Amongst other claims, Plaintiff asserts that he received a failing grade in Nursing 759 because he was graded differently from peers not members of his protected classes.  In April 2014, Plaintiff filed a racial discrimination claim with the University's EEO/AA officer. He then filed a complaint with the Nevada Equal Rights Commission on April 12, 2015.

Plaintiff filed the present action in Nevada state court on March 28, 2016 which was subsequently removed to federal court. He named the University of Nevada and Dr. Bruce Leonard as defendants. Plaintiff's proposed amended complaint clarifies that he is bringing claims for: 1) violation of equal protection secured by the Fourteenth Amendment to the Constitution; 2) violations of civil rights brought pursuant to 42 U.S.C. § 1983 and conspiracy to violate civil rights pursuant to 42 U.S.C. § 1985; 3) violation of Title IX of the Education Amendment of 1972 based on his gender; 4) violation of Title VI of the Civil Rights Act based on disparate treatment based on his gender; 5) intentional infliction of emotional distress; and 6) negligent hiring, training and supervision. Defendants then filed the present motion to dismiss.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III. Analysis

    A. Statute of Limitations: Federal Claims

The federal statutes or constitutional claims brought by Plaintiff, including 42 U.S.C. § 1983, 1985, 2000d, 20 U.S.C. § 1681, and 28 U.S.C. § 1343 do not contain their own statutes of limitations, so courts borrow the most appropriate state statute of limitations. See Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 974 (9th Cir. 2004)(citing Wilson v. Garcia, 471 U.S. 261, 266-68 (1985)). For these claims, the court borrow Nevada's statute of limitations for personal injury claims. See Wilson, 471 U.S. at 276–80 (holding that the statute of limitations for personal injury claims

3

applies in § 1983 suits); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1140 (9th Cir. 2000) (§ 1985 claims)(citing Goodman v. Lukens Steel Co., 482 U.S. 656, 661–62 (1987)); Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711–12 (9th Cir. 1993) (§ 2000d claims); Stanley v. Trustees of Cal. State Univ., 433 F.3d 1129, 1134 (9th Cir. 2006)(noting decisions of other circuits and close similarity between Title VI and Title IX).  In Nevada, the statute of limitations for a personal injury action is two years. NRS 11.190(4)(e); Day v. Zubel, 112 Nev. 972, 977 (1985).

In this case, Plaintiff's claims had arisen no later than January 15, 2014 when the last alleged discriminatory action occurred (the repeated Standardized Patient Exam). Therefore, Plaintiff's federal claims had to be filed no later than January 15, 2016. Plaintiff did not file his complaint until March 28, 2016. Therefore, whether the Court considers Plaintiff's amended claims or not, they are time barred and must be dismissed.

To the extent that Plaintiff argues that NRS § 651.120 requires equitable tolling of the statute of limitations, he is incorrect. First, § 651.120 sets the statute of limitations only for actions brought under enumerated state statutes, which do not include the federal claims. Second, even if § 651.120 did apply to Plaintiff's federal claims, they would still be barred. The statute of limitations under §651.120 is one year, not two years. Even if the Court tolls the nine months Plaintiff's complaint was pending before NERC, the filing date of the present complaint is even later than under the two-year statute of limitations. Therefore, Plaintiff's federal claims are dismissed.

B. Supplemental Jurisdiciton over Remaining State Law Claims

A district court has discretion to decline to exercise supplemental jurisdiction over a claim if all claims over which it has original jurisdiction have been dismissed or if the claim raises a novel or complex issue of state law.  See 28 U.S.C. § 1367(c).  Since the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims.

///

///

4

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#6) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend the Complaint (#13) is **DENIED as futile**;

IT IS FURTHER ORDERED that Plaintiff's state law claims are **REMANDED** to Nevada State Court;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff on Plaintiff's federal claims.

DATED this 28th day of March 2017.

_____
Kent J. Dawson
United States District Judge