# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| STANLEY KIDIAVAYI, | ) | Case No. 2:16-cv-01202-KJD-NJK |
| Plaintiff(s), | ) ) | ORDER |
| vs. | ) ) | |
| BRUCE LEONARD, et al., | ) ) | |
| Defendant(s). | ) ) | |

On February 8, 2017, the parties filed a stipulation, asking the Court to set a settlement conference, which the Court granted on February 9, 2017. Docket Nos. 43, 45. The Court scheduled the settlement conference for March 29, 2017 and ordered the parties to submit their confidential settlement conference statements no later than 3:00 p.m. on March 22, 2017. Docket No. 45. On March 24, 2017, when Plaintiff had failed to meet the original deadline, the Court ordered Plaintiff to submit his confidential settlement conference statement no later than 12:00 p.m. on March 27, 2017. Docket No. 54. The Court warned Plaintiff that failure to comply with that order may result in sanctions and/or vacating the scheduled settlement conference. *Id.* Plaintiff failed to submit his confidential settlement conference statement as ordered. On March 27, 2017, therefore, the Court vacated the settlement conference and ordered Plaintiff and his counsel to show cause in writing, no later than April 3, 2017, why he and/or his counsel should not be sanctioned for violating the Court's

1 orders. Docket No. 55.¹

2     Plaintiff has now submitted, *ex parte*, a belated confidential settlement conference statement and a document that appears to relate to the Court's order to show cause at Docket No. 55. Regarding the latter, with certain exceptions not applicable here, neither party nor an attorney for any party may make an *ex parte* communication with the Court. Local Rule IA 7-2(b). Additionally, it is impossible for Defendants to respond to a filing they have not seen. *See* Docket No. 55 at 1-2 (stating that "Defendants may respond" to Plaintiff's response to the order to show cause "no later than April 10, 2017").

    The Court will not consider this improper *ex parte* communication and will destroy it. Plaintiff shall comply with the Local Rules, and the Court's order at Docket No. 55, by filing a response to the Court's order to show cause on the docket, no later than April 3, 2017. Failure to comply with this order may result in sanctions.

    IT IS SO ORDERED.

    DATED: March 31, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

¹ On March 29, 2017, this case was closed. Docket Nos. 56, 57. Nonetheless, the fact that a case has been dismissed does not impact a court's ability to rule on an earlier-issued order to show cause. "It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Even after judgment is entered, courts retain jurisdiction to impose sanctions for previous misconduct in the case pursuant to Rule 16(f) and Local Rule IA 4-1. *See, e.g.*, *Maui One Excavating*, 2013 WL 1908328, at \*2 (D. Nev. May 7, 2013) (citing *United Energy Owners Comm. v. U.S. Energy Mgmt. Sys., Inc.*, 837 F.2d 356, 358 (9th Cir. 1988)).