# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STANLEY KIDIAVAYI, | Case No. 2:16-cv-01202-KJD-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| BRUCE LEONARD, et al., | |
| Defendant(s). | |

On February 8, 2017, the parties filed a stipulation, asking the Court to set a settlement conference, which the Court granted on February 9, 2017. Docket Nos. 43, 45. The Court scheduled the settlement conference for March 29, 2017 and ordered the parties to submit their confidential settlement conference statements no later than 3:00 p.m. on March 22, 2017. Docket No. 45. On March 24, 2017, when Plaintiff had failed to meet the original deadline, the Court ordered Plaintiff to submit his confidential settlement conference statement no later than 12:00 p.m. on March 27, 2017. Docket No. 54. The Court warned Plaintiff that failure to comply with that order may result in sanctions and/or vacating the scheduled settlement conference. *Id.* Plaintiff failed to submit his confidential settlement conference statement as ordered. On March 27, 2017, therefore, the Court vacated the settlement conference and ordered Plaintiff and his counsel to show cause in writing, no later than April 3, 2017, why he and/or his counsel should not be sanctioned for violating the Court's orders. Docket No. 55.

1    Plaintiff submits that, on March 29, 2017, he and his counsel appeared for the settlement
2    conference, apparently unaware that it had been vacated. *See, e.g.*, Docket No. 59 at 3. Plaintiff's
3    counsel submits that she subsequently reviewed the docket and submitted, *ex parte*, a belated
4    confidential settlement conference statement and a document that appeared to relate to the Court's
5    order to show cause at Docket No. 55. On March 31, 2017, noting that the submission violated
6    Local Rule IA 7-2(b) and that Defendant would not be able to respond to an order to show cause
7    response that it had not seen, the Court notified the parties that it would destroy the *ex parte*
8    submission. Docket No. 58. The Court further admonished Plaintiff to comply with the Local Rules
9    and the Court's prior order by filing a response to the order to show cause on the docket, no later
10   than April 3, 2017. *Id.* Plaintiff complied. Docket No. 59. Defendant subsequently filed a response
11   to Plaintiff's response, and Plaintiff filed a reply. Docket Nos. 60, 64.

12   Plaintiff submits that his counsel's employee delivered his confidential settlement conference
13   statement on March 22, 2017, and speculates that someone in this Court's Clerk's Office misplaced
14   it. Docket No. 59 at 2, 9. Plaintiff submits that his counsel did not see the Court's subsequent orders
15   at Docket Nos. 54 and 55 because her office was closed from Friday, March 24, through Monday,
16   March 27, 2017. Docket No. 59 at 3.[1] Defendant responds that sanctions are warranted for
17   Plaintiff's counsel's failure to comply with this Court's orders because, Defendant submits,
18   Plaintiff's counsel was not diligent and Plaintiff has cited no circumstances that would render an
19   award of sanctions unjust. Docket No. 60 at 5-8. Defendant also submits, however, that the Court
20   should sanction Plaintiff's attorney because Plaintiff himself does not appear to have knowingly
21   violated any court orders. *Id.* at 8.

---

[1] Plaintiff submits that counsel's office "was closed on Friday – Monday (March 25, 2017 to March 27, 2017)." *Id.* The Court assumes that Plaintiff was referring to Friday, March 24, 2017.

2

1 **I.     ANALYSIS**

The Court may issue sanctions pursuant to Rul 16(f)[2] for failure to comply with a settlement conference order. *See, e.g.*, *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 483 (D. Ariz. 2003), *amended on review on other grounds*, 2003 WL 23353478 (D. Ariz. 2003).  The Court's order scheduling the ENE session is a pretrial order within the meaning of Rule 16(f). *Pitman*, 216 F.R.D. at 483.  Violations of Rule 16 are neither technical nor trivial. *Wilson v. KRD Trucking W.*, 2013 WL 83699, at *1 (D. Nev. Mar. 6, 2013) (citing *Martin Family Tr. v. NECO/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603) (E.D. Cal. 1999)).  It is clear that "'the rule is broadly remedial and its purpose is to encourage forceful judicial management.'" *Wilson*, 2013 WL 836995, at *1 (quoting *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986).

Litigants have an "'unflagging duty to comply with clearly communicated case-management orders.'" *Martin Family Tr.*, 186 F.R.D. at 604 (quoting *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998)).  Thus, whether the party and/or his counsel disobeyed a court order intentionally is irrelevant; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001).  Similarly, courts and commentators agree that a court may impose sanctions for a party's unexcused failure to comply with a Rule 16 order, even if that order was not made in bad faith. *See, e.g.*, *Henderson v. Boneventura*, 2014 U.S. Dist. LEXIS 8965, at *9-*20 (D. Nev. Jan. 24, 2014) (collecting cases and citing 6A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1531 (1990)).

The Court finds that, while it would be just to sanction Plaintiff's counsel in this instance, the Court will exercise its discretion to **ADMONISH** Plaintiff's counsel.  While it is possible that someone in the Clerk's Office misplaced Plaintiff's submission, Plaintiff fails to adequately explain counsel's failure to monitor the docket.  The Court issued a clear order on March 24, 2017, that

---

[2] Unless otherwise stated, all references to "Rules" denote the Federal Rules of Civil Procedure.

should have alerted counsel to the fact that the Court did not receive the confidential ENE statement. Regardless of whether counsel's office was open that day, counsel has an obligation to manage her caseload, which includes closely monitoring the docket and complying with court orders. Similarly, the fact that counsel's office was closed does not mean that she was unable to receive electronic notifications or access the Court's electronic filing system. Additionally, even assuming, *arguendo*, that office closure justifies counsel's lack of diligence, counsel's office was open the day before the ENE, yet she chose not to check the docket. *See* Docket No. 64 at 4. Counsel's conduct has wasted the time and resources of this Court, her client, Defendant, and opposing counsel.

## II. CONCLUSION

For the reasons discussed above, the Court hereby **ADMONISHES** Plaintiff's counsel for failing to comply with the Court's orders. In the future, Plaintiff's counsel must ensure that she carefully complies with all Court orders, Local Rules, and Federal Rules of Civil Procedure, including monitoring the docket of any case on which she is counsel. Failure to do so may result in sanctions.

IT IS SO ORDERED.

DATED: April 17, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge

4