1
2
3
4
5
6
7                   **UNITED STATES DISTRICT COURT**
8                        **DISTRICT OF NEVADA**
9
10   STANLEY KIDIAVAYI,
11          Plaintiff,                      Case No. 2:16-CV-01202-KJD-NJK
12   v.                                     **AMENDED ORDER**[1]
13   UNIVERSITY OF NEVADA, *et al*.,
14          Defendants.
15

16          Presently before the Court is Defendants' Motion to Dismiss (#6). Plaintiff filed a response in

17   opposition and countermotion to amend the complaint (#8) to which Defendants replied (#11).

18   Plaintiff filed an additional Motion to Amend the Complaint (#13). Defendants filed a response in

19   opposition (#17) to which Plaintiff replied (#21).  Plaintiff then filed an improperly titled Errata to

20   Motion for Leave to Amend Complaint (#22). In the Errata, Plaintiff essentially concedes that he has

21   improperly named certain defendants, who either may not be sued or against whom the statute of

22   limitations would have run. The Court accepts the proposed amended complaint contained in the

23   Errata as the operative complaint for the purposes of the motion to dismiss and motion to amend.

24

25   _____

26          [1]This order, originally entered March 29, 2017, has been amended to substitute the standard for a motion to
     dismiss rather than for a summary judgment motion in section II. It has not been amended in any other way.

I. Background

According to the allegations of the complaint, Plaintiff was a student at the Graduate School of Nursing at the University of Nevada Las Vegas ("UNLV"). The proposed amended complaint alleges Plaintiff is a black male working in a "female-dominated" profession. Plaintiff's alleged nation of origin is Kenya. Defendant Bruce Leonard, a doctor, was Plaintiff's professor for a clinical rotation in a course identified as Nursing 759, Primary Care of the Family II. Plaintiff alleges that between September 1, 2012 and September 11, 2014, he was discriminated against due to his race, national origin and gender. Amongst other claims, Plaintiff asserts that he received a failing grade in Nursing 759 because he was graded differently from peers not members of his protected classes. In April 2014, Plaintiff filed a racial discrimination claim with the University's EEO/AA officer. He then filed a complaint with the Nevada Equal Rights Commission on April 12, 2015.

Plaintiff filed the present action in Nevada state court on March 28, 2016 which was subsequently removed to federal court. He named the University of Nevada and Dr. Bruce Leonard as defendants. Plaintiff's proposed amended complaint clarifies that he is bringing claims for: 1) violation of equal protection secured by the Fourteenth Amendment to the Constitution; 2) violations of civil rights brought pursuant to 42 U.S.C. § 1983 and conspiracy to violate civil rights pursuant to 42 U.S.C. § 1985; 3) violation of Title IX of the Education Amendment of 1972 based on his gender; 4) violation of Title VI of the Civil Rights Act based on disparate treatment based on his gender; 5) intentional infliction of emotional distress; and 6) negligent hiring, training and supervision. Defendants then filed the present motion to dismiss.

II. Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III. Analysis

    A. Statute of Limitations: Federal Claims

The federal statutes or constitutional claims brought by Plaintiff, including 42 U.S.C. § 1983, 1985, 2000d, 20 U.S.C. § 1681, and 28 U.S.C. § 1343 do not contain their own statutes of limitations, so courts borrow the most appropriate state statute of limitations. See Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 974 (9th Cir. 2004)(citing Wilson v. Garcia, 471 U.S. 261, 266-68 (1985)). For these claims, the court borrow Nevada's statute of limitations for personal injury claims. See Wilson, 471 U.S. at 276–80 (holding that the statute of limitations for personal injury claims applies in § 1983 suits); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1140 (9th Cir. 2000) (§ 1985 claims)(citing Goodman v. Lukens Steel Co., 482 U.S. 656, 661–62 (1987)); Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711–12 (9th Cir. 1993) (§ 2000d claims); Stanley v. Trustees of Cal. State Univ., 433 F.3d 1129, 1134 (9th Cir. 2006)(noting decisions of other circuits and close similarity between Title VI and Title IX). In Nevada, the statute of limitations for a personal injury action is two years. NRS 11.190(4)(e); Day v. Zubel, 112 Nev. 972, 977 (1985).

1    In this case, Plaintiff's claims had arisen no later than January 15, 2014 when the last alleged

2    discriminatory action occurred (the repeated Standardized Patient Exam). Therefore, Plaintiff's

3    federal claims had to be filed no later than January 15, 2016. Plaintiff did not file his complaint until

4    March 28, 2016. Therefore, whether the Court considers Plaintiff's amended claims or not, they are

5    time barred and must be dismissed.

6        To the extent that Plaintiff argues that NRS § 651.120 requires equitable tolling of the statute

7    of limitations, he is incorrect. First, § 651.120 sets the statute of limitations only for actions brought

8    under enumerated state statutes, which do not include the federal claims. Second, even if § 651.120

9    did apply to Plaintiff's federal claims, they would still be barred. The statute of limitations under

10   §651.120 is one year, not two years. Even if the Court tolls the nine months Plaintiff's complaint was

11   pending before NERC, the filing date of the present complaint is even later than under the two-year

12   statute of limitations. Therefore, Plaintiff's federal claims are dismissed.

13                   B. Supplemental Jurisdiciton over Remaining State Law Claims

14       A district court has discretion to decline to exercise supplemental jurisdiction over a claim if

15   all claims over which it has original jurisdiction have been dismissed or if the claim raises a novel or

16   complex issue of state law.  See 28 U.S.C. § 1367(c).  Since the Court has dismissed all claims over

17   which it has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over

18   Plaintiff's state law claims.

19   IV. Conclusion

20       Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#6) is

21   **GRANTED**;

22       IT IS FURTHER ORDERED that Plaintiff's Motion to Amend the Complaint (#13) is

23   **DENIED as futile**;

24       IT IS FURTHER ORDERED that Plaintiff's state law claims are **REMANDED** to Nevada

25   State Court;

26

                                                    4

1    IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants

2 and against Plaintiff on Plaintiff's federal claims.

3    DATED this 4th day of May 2017.


_____
Kent J. Dawson
United States District Judge