# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STANLEY KIDIAVAYI,

    Plaintiff,

    v.

UNIVERSITY OF NEVADA, DR. BRUCE LEONARD, personally, DOES I-X, inclusive and ROE Corporations I-X, inclusive,

    Defendants.

Case No. 2:16-cv-01202-KJD-NJK

**ORDER**

Presently before the Court are Defendants' Motions for Attorney's Fees and Costs (#63/74). Plaintiff filed a response in opposition (#67/75) to which Defendants replied (#69/76).

On March 29, 2017 the Court granted Defendant's motion to dismiss Plaintiff's federal claims because the statute of limitations had expired, denied Plaintiff's motion to amend as futile, and declined to exercise supplemental jurisdiction over the remaining state claims, and remanded. Now, Defendants have moved for an award of attorney's fees and costs as a prevailing party under 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

**42 U.S.C. § 1988**

As a general rule, "a district court may in its discretion award attorney's fees to a prevailing defendant...upon a finding that the plaintiff's action was frivolous, unreasonable, or without

foundation, even though it was not brought in subjective bad faith." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978) (Title VII); see also Hughes v. Rowe, 449 U.S. 5, 14-16 (1980) (42 U.S.C. § 1983). By frivolous, the court means that the litigation must be "meritless in the sense that it is groundless or without foundation." Hughes, 449 U.S. at 14; see also Dooley v. Reiss, 736 F.2d 1392, 1396 (9th Cir. 1984). In other words, litigation is frivolous if the result is obvious or the arguments are wholly without merit. See Glanzman v. Uniroyal, Inc., 892 F.2d 58, 61 (9th Cir. 1989).

"A defendant stands in a different equitable position from that of a prevailing plaintiff. Nevertheless, Congress intended to protect defendants from 'litigation having *no* legal or factual basis.'" Mitchell v. Los Angeles Ct. Superintendent of Schools, 805 F.2d 844, 847 (9th Cir. 1986) (quoting Christiansburg, 434 U.S. at 420) (emphasis added). "Only in exceptional cases did Congress intend that defendants be awarded attorney's fees." Id. at 848.

This is not an exceptional case. Although the Court ultimately determined that the claim was time barred, Plaintiff has grounds for appeal based on his argument that the claim should have been tolled during NERC's review. There is nothing indicating that the Plaintiff's claim for discrimination was without merit, groundless or without foundation. Also, depositions indicated that there were concerns regarding the grading process with a different student of a different sex, race, and gender to that of the Plaintiff. See Deposition Transcripts of Mr. Festus Ebonka (#40-1). Furthermore, Defendants made changes to the policy to help avoid any discriminatory practices, including a policy to not review a student's photo before being admitted into the program. See Deposition Transcript of Dr. Juanita Fain (#40-2). Defendants have failed to meet their burden to establish that Plaintiff's action was frivolous, unreasonable or without foundation. Therefore, the Court declines to award attorney's fees pursuant to 42 U.S.C. § 1988.

////////

////////

////////

**28 U.S.C. § 1927**

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." See also In re Girardi, 611 F.3d 1027, 1060-61 (9th Cir. 2010). The imposition of sanctions under § 1927 requires a finding that counsel acted "recklessly or in bad faith." United States v. Blodgett, 709 F.2d 608, 610 (9th Cir. 1983) (citing Barnd v. City of Tacoma, 664 F.2d 1339, 1343 (9th Cir. 1982)). Defendants have failed to meet their burden in establishing that Plaintiff's counsel acted recklessly or in bad faith. Therefore, the Court declines to award attorney's fees pursuant to 28 U.S.C. § 1927.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motions for Attorney's Fees and Costs (#63/74) are **DENIED**.

DATED this 14th day of June 2017.

_____
Kent J. Dawson
United States District Judge